**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4052

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

JAMADE BARSON JONES, a/k/a Jamade Derson Jones,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.    Richard L. Voorhees, District Judge.  (5:03-cr-00050-RLV-CH-1)

Submitted:  December 15, 2010    Decided:  January 21, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reita P. Pendry, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamade Barson Jones appeals from his conviction and 162-month sentence entered pursuant to his guilty plea to conspiracy to possess with intent to distribute cocaine. On appeal, Jones asserts that the district court erred by (1) failing to provide individualized reasoning for his sentence, (2) denying his motion for a continuance, and (3) denying his motion to withdraw his guilty plea. The Government asserts that Jones' waiver of appellate rights in his plea agreement bars claims (1) and (2). We affirm.

I.

It is well-settled that "a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742 [2006]." United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). In undertaking that review, we will enforce an appellate waiver where such a waiver "is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questioned

the defendant regarding the waiver during the Fed. R. Crim. P. 11 colloquy and the record indicates that the defendant understood the significance of the waiver. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Further, only a "narrow class of claims involves errors that the defendant 'could not have reasonably contemplated' when the plea agreement was executed," and therefore are excluded from the scope of the waiver. Poindexter, 492 F.3d at 270. Claims that proceedings following the guilty plea were conducted in violation of the defendant's Sixth Amendment right to counsel, see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), or that a sentence was imposed in excess of the statutory maximum penalty "or based on a constitutionally impermissible factor such as race," United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), fall within the category of claims excluded from an appellate waiver.

Here, the record shows that the district court questioned Jones regarding the appellate waiver provision at his Rule 11 hearing, and Jones acknowledged that he agreed with and understood the plea agreement. In addition, Jones signed the plea agreement which included an unambiguous waiver of appellate rights. Moreover, Jones does not dispute the contention that he knowingly and intelligently waived his right to appeal his sentence. Accordingly, we find that Jones knowingly and

3

voluntarily agreed to the appellate waiver; therefore, the waiver is valid and enforceable.

Jones does not dispute that Claim (1) is barred by his waiver. Thus, we dismiss this claim. The parties do, however, disagree as to whether Jones' claim that the district court improperly denied his motion to continue sentencing in order to find new counsel was waived by his plea agreement. As discussed above, claims that proceedings following the guilty plea were conducted in violation of the Sixth Amendment right to counsel are not waivable. Such is the claim raised here. Jones asserts that the district court, in denying his motion to continue (which was filed after his guilty plea), violated his Sixth Amendment right to counsel of his own choice. See United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (discussing right to counsel of choice). Accordingly, this claim does not fall within the scope of Jones' appellate waiver and will, instead, be reviewed on the merits.

II.

The district court's denial of a continuance is reviewed for abuse of discretion. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). The trial court abuses its discretion when its denial of a motion for continuance is "an unreasoning and arbitrary insistence upon expeditiousness in the

4

face of a justifiable request for delay." Id. In addition, whether to grant a motion for substitution of counsel is also within a court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying a defendant's motion for substitution of counsel, we must consider: (1) the timeliness of the motion; (2) the adequacy of the inquiry into the defendant's complaint about his attorney; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). These factors are weighed against the district court's "interest in the orderly administration of justice." Id. at 157. In addition, a district court has wide latitude in limiting a defendant's right to counsel of choice based upon fairness and the demands of the court's calendar. Gonzalez-Lopez, 548 U.S. at 152.

Jones' motion was untimely filed on the morning of sentencing. He had already replaced one attorney (and received continuances to accommodate) and over a year had passed since he was extradited. The court made an adequate inquiry into the basis for Jones' motion, allowing him to explain fully the reasons for his dissatisfaction with his attorney and questioning the attorney as to why certain motions were not

filed. The record supports the conclusion that Jones and his attorney were communicating, although they disagreed about the best course of action to take. Moreover, Jones' sister testified at the hearing that no other attorneys were interested in taking the case because the case had been pending for so long and sentencing was imminent. Because the district court's ruling was not arbitrary, the court did not abuse its discretion in denying Jones' motion for a continuance.


III.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible
> evidence that his plea was not knowing or otherwise
> involuntary; (2) whether the defendant has credibly
> asserted his legal innocence; (3) whether there has
> been a delay between entry of the plea and filing of
> the motion; (4) whether the defendant has had close
> assistance of counsel; (5) whether withdrawal will

6

cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

On appeal, Jones contends that his attorney lied to him at the time of his plea.* As such, he asserts that his plea was not knowing and voluntary. However, he presents no evidence aside from his self-serving and conclusory statement. In fact, Jones does not even explain what his attorney allegedly lied to him about or how it affected the voluntariness of his plea. In light of the magistrate judge's undisputed full compliance with Rule 11 in accepting Jones' guilty plea, Jones has not "offered credible evidence that his plea was not knowing or otherwise involuntary." Ubakanma, 215 F.3d at 424. Moreover, Jones informed the magistrate judge during the plea colloquy that he was satisfied with his attorney and had not been threatened or

_____

* At the hearing on his motion to withdraw, Jones did not precisely allege that his attorney lied to him. Instead, he asserted that he asked his attorney to move to withdraw his plea and the attorney refused, that his attorney was not working in his best interests, and that he did not receive all the transcripts he requested.

7

coerced to plead guilty, and his statements at the plea hearing indicated that he entered the plea knowingly and voluntarily. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (conclusory allegations in conflict with statements at Rule 11 hearing are subject to summary dismissal); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Next, Jones does not, credibly or otherwise, assert his legal innocence. In addition, his motion to withdraw was filed years after he entered his guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (finding that six-week delay militated against withdrawal of plea). Jones' assertion that he lacked close assistance of counsel is the only Moore factor that might weigh in his favor; however, he has not shown, nor does the record reveal, that his attorney was incompetent. Finally, allowing Jones to withdraw his plea likely would have prejudiced the Government and inconvenienced the court due to the lengthy passage of time. We therefore conclude that the district court did not abuse its discretion in denying Jones' motion to withdraw his guilty plea.

Jones also asserts that he was entitled to withdraw his guilty plea because, at the time of his motion, the plea had not yet been accepted by the district court. See Fed. R. Crim.

8

P. 11(d)(1) (a defendant may withdraw plea, for any reason or no reason, before the court accepts it). Specifically, Jones asserts that, because his plea proceeding was conducted by a magistrate judge, the district court was required to conduct a de novo review of his plea. According to Jones, because the district court did not conduct the required review of his assertion that his attorney had lied to him, the magistrate lacked the constitutional authority to accept his plea.

However, Jones' guilty plea had been accepted by the magistrate judge following an undisputedly complete Rule 11 inquiry as well as a clear waiver of his right to have his plea taken by the district court. A magistrate judge may accept pleas in felony cases, provided the defendant consents and as long as the district court exercises de novo review of the magistrate judge's decision upon request. See United States v. Osborne, 345 F.3d 281, 289-90 (4th Cir. 2003) (holding that, absent request or objection, district court is not bound to conduct de novo review).

Although the magistrate judge's acceptance of Jones' guilty plea was subject to de novo review, it was still properly entered years prior to his motion to withdraw his guilty plea. The fact that the magistrate judge accepted the plea subject to the district court's review does not invalidate an adequate Rule 11 proceeding by a magistrate judge, or provide a defendant with

9

the absolute right to withdraw.  See United States v. Williams, 23 F.3d 629, 634-35 (2d Cir. 1994).  The court's decision to disallow withdrawal remains subject to the clearly erroneous standard of review.  Id.

Moreover, Jones' factual assertion that the district court did not conduct de novo review when it failed to consider his allegations is unsupported by the record.  As discussed above, Jones never alleged in district court that his attorney lied to him.  The district court fully considered the grounds for withdrawal raised by Jones and discussed the relevant factors.  Further, Jones' allegations had nothing to do with the propriety of the magistrate judge's Rule 11 hearing.  Thus, as Jones' only argument in support of his assertion that the district court failed to conduct a de novo review is meritless, there are no grounds on which to disregard the magistrate judge's acceptance of Jones' plea.

Accordingly, we affirm Jones' conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED